IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAQUAN LAMONT STEVENS, | : | PRISONER CIVIL RIGHTS |
| GDC No. 1151206, | : | 42 U.S.C. § 1983 |
|     Plaintiff pro se, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF GEORGIA, et al., | : | CIVIL ACTION NO. |
|     Defendants. | : | 1:13-CV-3313-TWT-WEJ |

## FINAL REPORT AND RECOMMENDATION

Plaintiff pro se, Daquan Lamont Stevens, confined in Hays State Prison in Trion, Georgia, has submitted a Complaint, which the Clerk has docketed as a civil rights action pursuant to 42 U.S.C. § 1983. (Compl. [1].) The Court granted plaintiff leave to proceed in forma pauperis [7], and the matter is now before the Court for an initial screening under 28 U.S.C. § 1915A. For the reasons stated below, the undersigned **RECOMMENDS** that the Complaint be **DISMISSED** as frivolous.

**I.    STANDARD OF REVIEW**

The Court must screen a prisoner complaint against a governmental entity, officer, or employee and dismiss the complaint or any portion thereof if it (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.

AO 72A
(Rev.8/82)

§ 1915A(a), (b)(1)-(2).  A claim is frivolous when it "lacks an arguable basis either in law or in fact."  Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted).  A complaint fails to state a claim when the factual allegations, accepted as true, do not "raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).  A viable claim must be "plausible on its face."  Id. at 570.

In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  The Court construes the factual allegations favorably to a pro se plaintiff and holds pro se pleadings to "less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law."  Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (citing U.S. Steel, LLC v. Tieco, Inc., 261

2

F.3d 1275, 1288 (11th Cir. 2001) and Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998)).

## II.     DISCUSSION

Plaintiff brings this action against the State of Georgia, the Georgia Department of Corrections, and various officials and entities located in Fulton County and Clayton County. (Compl. 1.) Plaintiff appears to have two objectives. First, plaintiff seeks the criminal prosecution of defendants for allegedly marketing securities created from cases filed in Fulton County. (Id. at 1-9.) Plaintiff presented his allegations regarding the securitization of cases in a previous complaint, which the Court dismissed as frivolous. See Order and Opinion, Stevens v. Howard, No. 1:09-cv-804-TWT, at 3-5 (N.D. Ga. May 11, 2009). "It is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person." Ellen v. Stamm, 951 F.2d 359 (9th Cir. 1991) (unpublished table decision). "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). The lack of such an interest, known as standing, deprives the Court of subject matter jurisdiction over plaintiff's request for the criminal

3

prosecution of defendants.  See McGee v. Solicitor Gen. of Richmond Cnty., Ga., 727 F.3d 1322, 1326 (11th Cir. 2013) (per curiam).

Second, plaintiff seeks release from his confinement on the ground that the State of Georgia "trick[ed] and deceiv[ed him] to be held [as] surety for a debt, but without a contract signed knowingly, willingly, and intentionally by [him] agreeing to be held." (Compl. 8-9.)  Plaintiff cannot obtain release from his confinement in a § 1983 action.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that habeas corpus is sole federal remedy for prisoner challenging fact or duration of confinement).  Plaintiff previously sought federal habeas relief pursuant to 28 U.S.C. § 2254, but the Court dismissed the case without prejudice for lack of exhaustion.  See Order, Stevens v. Brown, No. 1:09-cv-2878-TWT (N.D. Ga. Sept. 15, 2010) (adopting Final Report and Recommendation of Aug. 18, 2010).  The Court should not construe the present § 1983 action as a § 2254 habeas petition because plaintiff has not addressed the issue of exhaustion.  See 28 U.S.C. § 2254(b)(1)(A).  Furthermore, plaintiff has not presented any nonfrivolous grounds for relief.

### III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Complaint be **DISMISSED** as frivolous.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO RECOMMENDED**, this 11th day of December, 2013.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE